IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kexue Huang, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 4:16-1269-BHH |
| v. ) | |
| ) | **ORDER** |
| A. Mahsukhani, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court upon Petitioner Kexue Huang's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 5, 2016, Respondent filed a motion to dismiss, or in the alternative, for summary judgment, to which Petitioner responded. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On August 25, 2016, Magistrate Judge Thomas E. Rogers, III, filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion for summary judgment.[1] Attached to the Report was a notice advising the parties of the right to file written objections to the Report within 14 days of receiving a copy. On September 9, 2016, Petitioner filed objections, and the matter is ripe for review.

**BACKGROUND**

Petitioner is currently incarcerated at the Federal Corrections Institution ("FCI") in

---

[1] Because Respondent submitted matters outside the pleadings for consideration, the Magistrate Judge considered Respondent's motion under the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure.

Estill, South Carolina. At all times relevant to the allegations in his petition, Petitioner was incarcerated at the McRae Correctional Facility ("MCF") in McRae, Georgia.

In his petition, Petitioner alleges that he was placed in solitary confinement as a result of a disciplinary action for possession of a hazardous tool (a cellphone) in violation of Inmate Disciplinary Code 108 and that he received sanctions including 30 days of disciplinary segregation as well as the loss of 41 days of good-conduct time, 60 days of telephone privileges, and 60 days of commissary privileges. According to Petitioner, he did not receive his administrative discipline order within 24 hours of the disciplinary action, nor did he receive a copy of the Discipline Hearing Officer's ("DHO") report within 15 working days, which Petitioner contends violates Bureau of Prisons ("BOP") regulations. In his request for relief, Petitioner asserts:

> I already did my solitary time (6 months), and was transferred to medium security prison. Court can't grant relief for that. The only thing I am asking is to give my 41 days good time back. Thanks!
> If an inmate violated any BOP rule, the inmate will be punished for sure. The BOP staff[] didn't follow any rule for my case, can a judge do something about it?

(ECF No. 1 at 9-10.)

In his motion for summary judgment, Respondent concedes that the Court has jurisdiction over Petitioner's claim because the loss of good-conduct time impacts the duration of Petitioner's sentence. Respondent also concedes that Petitioner has exhausted the administrative remedy process. Nevertheless, Respondent contends that Petitioner has failed to demonstrate any constitutional violation entitling him to relief, and in support, Respondent submitted several exhibits, including the following: a copy of the corrected incident report; notice of the discipline hearing before the DHO that was delivered to

2

Petitioner; a copy of the Inmate's Rights at Discipline Hearing; and a copy of the DHO decision. In addition, Respondent submitted the declaration of A. Kirley ("Kirley"), a DHO at MCF who did not preside over Petitioner's disciplinary hearing but who is familiar with the disciplinary hearing process at MCF.

After considering Respondent's motion and exhibits, along with Petitioner's arguments in opposition, the Magistrate Judge ultimately agreed with Respondent and determined that the record contained no evidence of a due process violation. Accordingly, the Magistrate Judge recommended that the Court grant Respondent's motion for summary judgment.

In his objections, Petitioner argues, without pointing to any evidence, that he has shown the existence of a genuine dispute of material fact as to a due process violation, and he complains about Respondent's reliance on Kirley's affidavit because Kirley did not conduct Petitioner's actual disciplinary hearing.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

3

## II.     Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## ANALYSIS

As previously mentioned, Petitioner complains of alleged procedural deficiencies in connection with a disciplinary action and asserts that his due process rights were violated. The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV, § 1. As the Magistrate Judge noted, the United States Supreme Court has held that a prisoner has certain procedural due process rights during a prison disciplinary proceeding that may result in the sanction of loss of accrued good-time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); and *Bryan v. South Carolina Dept. of Corrections*, Civil Action No. 3:08-846-BH-JRM, 2009 WL 3166632, at *5-6 (D.S.C. Sept. 29, 2009) (listing the due process rights required by *Wolff* ), aff'd, 367 F. App'x 404 (4th Cir. Feb. 25, 2010). Specifically, *Wolff* requires: (1) at least 24 hours advance written notice of the charges; (2) a written statement by the fact-finder as to evidence relied upon in decision; (3) a written statement by the

fact-finder as to the reason for disciplinary action taken; (4) an opportunity to call witnesses and present documentary evidence, if institutional safety will not be jeopardized; (5) counsel substitute if the inmate is illiterate or the case is complex; and (6) an impartial hearing tribunal. *See Wolff*, 418 U.S. at 563-71.

Here, as the Magistrate Judge determined, the record indicates that Respondent complied with the minimal due process requirements set forth in *Wolff*. First, Petitioner received a copy of the administrative disciplinary order. Second, Petitioner received a copy of the incident report on October 7, 2014, and this advised Petitioner of the charges against him. On October 14, 2014, Petitioner received notice of a disciplinary hearing before a DHO, and he received this notice more than 24 hours in advance of the November 11 hearing. Petitioner also was given a notice of his rights at the hearing, including but not limited to, his right to a staff representative and to have witnesses. Petitioner declined both. At the hearing, Petitioner admitted to a violation of Code 108 when he stated that he had the cell phone on his person, even though he asserted that the phone did not belong to him. Finally, Petitioner received the order outlining the evidence, the resulting sanctions, and the reasons for the sanctions.

Here, Petitioner complains that he did not receive a copy of the administrative disciplinary order within 24 hours,[2] and that he did not receive a copy of the DHO's report

---

[2] Petitioner asserts that he did not receive a copy of the administrative detention order until September 2, 2014, even though the order also indicates August 31, 2014, as the date of receipt. Regardless of the actual date on which Petitioner received the order, there appears to be no question that he did, in fact, receive a copy of the administrative detention order.

5

within 15 working days,[3] as required by BOP rules.  However, the rules at issue provide: (1) that when placed in an administrative detention status an inmate "will receive a copy of the administrative detention order, *ordinarily* within 24 hours, detailing the reason(s) for [the] placement . . ."; and (2) [t]he DHO gives the inmate a written copy of the decisions and disposition, *ordinarily* within 15 working days of the decision."  See 28 C.F.R. §§ 541.25 and 541.2(h) (emphasis added).  Thus, the regulations upon which Petitioner relies to assert a due process violation actually indicate that the time limits are not mandatory, and other courts have so found.  *See Carr v. Lamanna*, 2007 WL 2428537 (D.S.C. 2007) citing *Saenz-Lopez v. Bureau of Prisons*, 221 F.3d 1339 (7th Cir. 2000) (finding that BOP has discretion to depart from the time frames in 28 C.F.R. § 541 for good cause); *Sanders v. Edgefield*, 2006 WL 4279486 (D.S.C. 2008).  More importantly, perhaps, as the Magistrate Judge noted, the Supreme Court in *Wolff* did not set any specific time limits for a prisoner to receive an administrative detention order or a written report.  In fact, the only time limit set forth in *Wolff* is the requirement that an inmate receive at least 24 hours after written notice of the charges to prepare for a hearing, and there is no question here that Petitioner received notice of the charges and notice of the hearing on October 7 and October 14, respectively, and the hearing was not held until November 11.  *See Wolff*, 418 U.S. at 564.  Ultimately, the Court agrees with the Magistrate Judge that Petitioner has failed to show that his receipt of the administrative detention order outside the *ordinary* 24-hour period, or his receipt of the written decision outside the *ordinary* 15-day period, violated his due

---

[3] The incident occurred on August 31, 2014, but the incident report was not delivered until October 7, 2014, when the FBI declined prosecution of the violation and released the report to MCF for disciplinary action.

process rights. Instead, because the record clearly indicates that Petitioner received the benefit of all of the procedural safeguards set forth in *Wolff*, the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment.

## **CONCLUSION**

Based on the foregoing, it is hereby ordered that the Magistrate Judge's Report (ECF No. 16) is adopted and incorporated herein; Petitioner's objections (ECF No. 18) are overruled; and Respondent's motion for summary judgment (ECF No. 11) is granted.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

November 15, 2016
Charleston, South Carolina